UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| PATRICIA LITT, | ) | |
| | ) | |
|       Plaintiff, | ) | Case No. 2:08-cv-01794-MMD-VCF |
| | ) | |
| vs. | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| CLARK COUNTY, NEVADA, | ) | DATED: April 32, 2013 |
| | ) | |
|       Defendant. | ) | |
| | ) | |

PRESENT:  THE HONORABLE PEGGY A. LEEN, United States Magistrate Judge

LAW CLERK: Elizabeth A. Jones          RECORDER/TAPE #   None

PLAINTIFF: none appearing

COUNSEL FOR DEFENDANT: none appearing

PROCEEDING: Second Session of Early Neutral Evaluation

     On January 25, 2013, the court held an Early Neutral Evaluation in this case.  The court continued the matter for a second session scheduled for February 26, 2013.  The parties filed a Stipulation (Dkt. #55) on February 25, 2013, requesting the second session be continued for thirty days in order to allow Defendant Clark County to review documentation.  The court approved the parties' Stipulation and continued the second session until April 10, 2013, in an Order (Dkt. #56) entered February 26, 2013.

     On April 9, 2013, Clark County filed a Motion to Vacate (Dkt. #57) the second session.  The Motion represented Clark County had reviewed the documents it was provided on February 22, 2013, and was unable to make a settlement offer to Plaintiff Patricia Litt at the second session.  It, therefore, requested the court vacate the second session.

     Plaintiff Litt is proceeding in this matter pro se and does not receive electronic notification of documents filed in this matter.  The certificate of service on the Motion to Vacate reflects that it was mailed by regular U.S. Mail to Ms. Litt the day before the second session.  There is no indication in the Motion that Ms. Litt was consulted by defense counsel, whether she agreed or disagreed or whether she was notified of the request by any other means.   The court did not grant the Motion to Vacate because the chances of Plaintiff receiving notice of Defendant's request when served by regular mail the day before the scheduled second session was remote at best.

/ / /

      Despite the fact that Defendant's Motion was not granted, Plaintiff, Defendant, and defense counsel all failed to appear at the April 10, 2013, second session.  A motion does not vacate an order.  The court trusts this mistake will not be repeated.

      Accordingly,

      **IT IS ORDERED** that the Motion to Vacate (Dkt. #57) is **GRANTED**.  This case is returned to the normal litigation track.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE