1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

PATRICIA LITT,

                              Plaintiff,

        v.

CLARK COUNTY, NEVADA,

                              Defendant.

Case No. 2:08-cv-01794-MMD-VCF

ORDER

(Def.'s Motion to Dismiss/Summary
Judgment – dkt. no. 45)

I.    **SUMMARY**

        Before the Court is Defendant Clark County, Nevada's Motion to Dismiss or
alternatively Motion for Summary Judgment. (Dkt. no. 45.) The Court has also
considered Plaintiff's Opposition and Defendant's Reply. For the reasons discussed
below, the Motion is granted.

II.   **BACKGROUND**

        This case arises out of alleged discriminatory employment practices. Plaintiff's
Complaint alleged two claims for (1) race and sex discrimination in violation of Title VII of
the Civil Rights Act of 1964 ("Title VII"); and (2) race discrimination in violation of the Civil
Rights Acts of 1866, 42 U.S.C. § 1981 ("§ 1981"). The Court dismissed Plaintiff's Title VII
claim as time-barred. (Dkt. no. 18.) The Court also allowed a 180-day stay pending
proceedings before the U.S. Equal Employment Opportunity Commission ("EEOC") on a
second charge for retaliation. On August 13, 2012, this Court, hearing no opposition

from Defendant, allowed Plaintiff to amend her Complaint to include allegations relating to retaliation based on the second EEOC charge. Plaintiff's First Amended Complaint ("FAC") alleged the same two claims as the original complaint: (1) Title VII violations and (2) § 1981 violations. Further, the content of these claims are virtually identical to the original Complaint. The only changes made were to the paragraph numbering and the addition of four paragraphs, relating to excessive reassignments, failure to promote, withholding of merit increase, and disparity in compensation. (Compl. at ¶ ¶ 24-27.)

After the close of discovery on September 28, 2012, Defendant moves for dismissal with prejudice, or alternatively, summary judgment. As dismissal at this point in the proceedings would amount to judgment on the merits, the Court considers the motion as one for summary judgment.

**III.    DISCUSSION**

    **A.    Legal Standard**

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that

1   there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.  The nonmoving party "may

2   not rely on denials in the pleadings but must produce specific evidence, through

3   affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME*

4   *Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show

5   that there is some metaphysical doubt as to the material facts."  *Orr v. Bank of Am.*, 285

6   F.3d 764, 783 (9th Cir. 2002) (internal citations omitted).

7       In determining a summary judgment motion, the Court may only consider

8   admissible evidence. Fed.R.Civ.P. 56(e), *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d

9   1179, 1181 (9th Cir. 1988). To be admissible, proper foundation must be laid and

10   documents must be authenticated. *Id.*, *Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920,

11   925 (9th Cir. 1987).  In a summary judgment motion, documents authenticated through

12   personal knowledge must be "attached to an affidavit that meets the requirements of

13   [Fed.R.Civ.P.] 56(e) and the affiant must be a person through whom the exhibits could

14   be admitted into evidence."  *Canada*, 831 F.2d at 925 (9th Cir. 1987).

15       The Ninth Circuit has held that *pro se* litigants are not entitled to lenient

16   evidentiary standards for the purposes of summary judgment motions. *Jacobsen v. Filler*,

17   790 F.2d 1362, 1364-65 (holding "[f]irst and foremost is that *pro se* litigants in the

18   ordinary civil case should not be treated more favorably than parties with attorneys of

19   record."). Trial courts are under no obligation to advocate for, assist, or guide *pro se*

20   litigants through the trial process. *Id.* at fn.5. Therefore, if a *pro se* litigant fails to offer

21   admissible evidence to defeat a motion for summary judgment, the remedy "is to move

22   to reconsider or to set aside; it is not for the trial court to inject itself into the adversary

23   process on behalf of one class of litigant." *Id.* at 1365.

24       **B.    Analysis**

25       Defendant seeks summary judgment arguing that Plaintiff cannot carry her burden

26   of persuasion at trial. Defendant contends that because no discovery was conducted

27   and discovery has closed, Plaintiff is forced to rely on conclusory, unsupported

28   ///

1  allegations in her Complaint, which Plaintiff cannot use to establish any genuine issue of
2  fact for trial. The Court agrees.

3        Initially, the Court notes that Plaintiff was put on notice via this Court's Order (dkt.
4  no. 47) regarding the requirements of *Klingele v. Eikenberry* and *Rand v. Rowland*.
5  Specifically, Plaintiff was notified as to what to proffer, including admissible evidence, to
6  properly oppose Defendant's Motion.[1]

7        Despite this notice, Plaintiff's Opposition is devoid of any admissible evidence
8  tending to suggest there is a genuine issue of fact for trial. Instead, Plaintiff relies only on
9  the bare allegations contained in the Complaint, which are insufficient to defeat a motion
10 for summary judgment. *See Bhan*, 929 F.2d at 1409. While Plaintiff does assert new
11 allegations in her Opposition, the Court cannot consider those allegations for two
12 reasons. First, Plaintiff has failed to attach admissible corroborating evidence supporting
13 the new allegations, or allegations contained in the Complaint.  Second, to the extent
14 that the new allegations are consistent with the testimony Plaintiff would proffer at trial,
15 Plaintiff has not submitted an affidavit sworn under the penalty of perjury testifying to the
16 same.  Plaintiff does not have enough evidence to carry her ultimate burden of
17 persuasion at trial on any essential element.

18       Plaintiff has failed to produce specific evidence, through affidavits or admissible
19 discovery material, to show that a dispute exists. Based on Plaintiff's lack of evidence
20 and inability to prove her case, Defendant is entitled to judgment as a matter of law on
21 both claims.

22       More importantly, although the Court need not consider the newly pled allegations
23 at all, even assuming unsupported allegations in the Complaint and in the Opposition

24 _____

25       [1]Pursuant to Ninth Circuit directive, this Court gave Plaintiff the following notice:

26            [Y]ou cannot simply rely on what your complaint says. Instead, you
             must set out specific facts in the form of admissible evidence (such
27           as affidavits, declarations, depositions, answers to interrogatories,
             or properly authenticated documents as provided in Rule 56(e)),
28           that . . .  show that there is a genuine issue of material fact for trial.

1   brief, these allegations fail to establish a prima facie case and to demonstrate that

2   Defendant's proffered reasons are a pretext for retaliation.

3   **1.    Hostile Work Environment Claim under § 1981**[2]

4          Section 1981 creates a cause of action for hostile work environment only for those

5   discriminated against on account of their race or ethnicity. *Johnson v. Riverside*

6   *Healthcare System, LP*, 534 F.3d 1116, 1123 (9th. Cir. 2008); *see also Jones v. Bechtel*,

7   788 F.2d 571, 574 (9th Cir. 1986) (holding that a plaintiff could not assert a § 1981 claim

8   based on gender discrimination). A hostile work environment, by its "very nature involves

9   repeated conduct." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002). To

10  prove a hostile work environment claim, Plaintiff must show that "(1) she was subjected

11  to verbal or physical conduct because of her race, (2) the conduct was unwelcome, and

12  (3) the conduct was sufficiently severe or pervasive to alter the conditions of [her]

13  employment and create an abusive work environment." *Manatt v. Bank of Am.*, 339 F.3d

14  792, 798 (9th. Cir. 2003)(internal quotation marks omitted).[3]

15         In considering whether the discriminatory conduct was "severe or pervasive," the

16  Court must look to "all the circumstances, including the 'frequency of the discriminatory

17  conduct; its severity; whether it is physically threatening or humiliating, or a mere

18  offensive utterance; and whether it unreasonably interferes with an employee's work

19  performance.'" *Kortan v. Cal. Youth Auth.*, 217 F.3d 1104, 1110 (9th Cir. 2000) (*quoting*

20  *Faragher v. City of Boca Raton*, 524 U.S. 775, 787–88, (1998)). Section 1981, like Title

21  VII, is not a "general civility code." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788

22  (1998) (discussing Title VII). "[S]imple teasing, offhand comments, and isolated incidents

23  (unless extremely serious) will not amount to discriminatory changes in the 'terms and

24  conditions of employment.'" *Id.* (internal citation omitted).

25  _____

26         [2]Plaintiff's Hostile Work Environment claim under Title VII was dismissed with prejudice. (Dkt. no. 18.)

27         [3]Hostile work environment claims under Title VII and under § 1981 share the
28  same elements and, thus, the "legal principles guiding a court in a Title VII dispute apply with equal force in a § 1981 action." *Manatt*, 339 F.3d at 797.

The FAC includes only one allegation that is relevant to Plaintiff's claim that she was subjected to a hostile work environment because of her race. The FAC alleges two employees, Cash and Esteen, were at a Starbucks Coffee establishment speaking loudly about Plaintiff and Cash referred to Plaintiff as a "surly black woman." (Compl. at ¶ 19.) This single isolated utterance, while offensive, is not sufficiently severe or pervasive to support a finding of hostile work environment. The statement was not physically threatening, and, furthermore, the statement was not made at the work-place such that it would tend to interfere with Plaintiff's work performance.

Moreover, even if the Court were to consider the new allegations in Plaintiff's Opposition, these allegations still cannot establish the severe or pervasive requirement. Plaintiff alleges she was: subjected to "derogatory comments and racial slurs" and "anti-Black paraphernalia;" was given a photo illustrative of negative stereotypes on one occasion; despite being pregnant, was asked to give up her seat to her white male co-worker on one occasion;[4] and was hit by file carts by colleagues who had previously made derogatory remarks to her. Plaintiff admits these acts spanned over the course of four years, from 2002-2006. Considering the frequency and severity of the acts, the Court finds these are isolated incidents and do not rise to the level of "severe or pervasive" conduct required to support a § 1981 hostile work environment claim.

### 2.   Retaliation Claim under Title VII and § 1981[5]

Courts apply the familiar *McDonnell Douglas* burden shifting framework to retaliation claims. *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1105-06 (9th. Cir. 2008) (*citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). First, the Plaintiff must establish a prima facie case of discrimination or retaliation. *Id.* Then, the burden would shift to the employer to articulate a legitimate, nondiscriminatory reason for its

_____

[4]While Plaintiff now paints this allegation as racially motivated, the Court notes that the Complaint is devoid of any reference to racial animus as related to this incident.

[5]Although the Court finds that the FAC does not state a claim for retaliation under Title VII, the Court assumes it does for the purposes of this analysis.

allegedly discriminatory or retaliatory conduct. *Id.* A plaintiff may prove retaliation by indirect evidence by showing "(1) she engaged in a protected activity; (2) she suffered an adverse employment action; and (3) there was a causal connection between the two." *Id.* (*citing Bergene v. Salt River Project Agric. Improvement and Power Dist.*, 272 F.3d 1136, 1140–41 (9th Cir. 2001)).

Plaintiff's FAC alleges the following adverse employment actions: excessive assignments, failure to promote, withholding of merit increase, and disparity in compensation. However, Plaintiff fails to offer any evidence to establish a causal connection between these adverse employment actions and her protected activity, which was her charge of discrimination filed with the EEOC. In fact, Plaintiff offers only a single allegation that one purported adverse reassignment occurred after her EEOC charge. For the remaining alleged adverse employment actions, Plaintiff contends that the nexus follows by necessary implication. However, this conclusory allegation is insufficient to defeat summary judgment.

Moreover, even assuming arguendo that Plaintiff can show a causal connection between the purported reassignment and her EEOC charge, Defendant had articulated a legitimate, nondiscriminatory reason for its decision. Specifically, Defendant posits that "the transfers resulted from a shoulder injury requiring light duty or performance issues where management could watch [Plaintiff] more closely." (Dkt. no. 49 at 7.) This articulation, coupled with Plaintiff's own admissions in the Complaint, show Defendant had legitimate business reasons for its decision, and Plaintiff offers no evidence of pretext. Thus, even drawing all inferences in favor of Plaintiff and considering all allegations contained in the Opposition as true, Plaintiff nevertheless cannot show there is any genuine issue of material fact precluding summary judgment.

///

///

///

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**III.   CONCLUSION**

      IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment is GRANTED.

      DATED THIS 18th day of June 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE